UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, a minor, by and through his Guardian Ad Litem, JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARIPOSA COUNTY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:24-cv-01033-BAM<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO PROCEED UNDER PSEUDONYMS FOR PLAINTIFF, A MINOR, AND HIS *GUARDIAN AD LITEM***<br><br>(Doc. 3) |

Plaintiff, proceeding with counsel, initiated this action on August 29, 2024, against Defendants Mariposa County Unified School District ("MCUSD"), Pierce Chaney, and Roes 1-30. (Doc. 1.) On the same date, Plaintiff filed the following: (1) an administrative motion to appoint Jane Doe, Plaintiff's mother, as the Guardian ad Litem of Plaintiff John Doe; and (2) an *ex parte* motion requesting permission to proceed under pseudonyms for Plaintiff and his Guardian ad Litem. (Docs. 2, 3.) By contemporaneous order, the Court has granted the request for appointment of Plaintiff's mother as Guardian ad Litem. This order addresses the *ex parte* motion requesting permission for both Plaintiff and his Guardian ad Litem to proceed under the pseudonyms "John Doe" and "Jane Doe," respectively, because this case is based on allegations of sexual abuse of Plaintiff, a minor. (Doc. 3.)

Having considered the motion, and for the reasons that follow, Plaintiff's *ex parte* request

1

for Plaintiff and his Guardian ad Litem to proceed by pseudonyms will be granted, subject to reconsideration when defendants appear in this action.

**LEGAL STANDARD**

The normal presumption in litigation is that parties must use their real names, which is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). However, courts permit parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In the Ninth Circuit, a party may proceed with a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quotation and citation omitted). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* (citations omitted).

**DISCUSSION**

Plaintiff requests that he and his mother be allowed to proceed under pseudonyms because this case involves allegations that the local school board and Plaintiff's high school basketball coach allowed Plaintiff, a minor, to be repeatedly sexually assaulted. (Doc. 3 at 2-3.) Plaintiff asserts that his need for anonymity outweighs the public's interest in knowing his identity (and, consequently, his mother's, which would lead to the revelation of Plaintiff's identity) due to the high risk of retaliatory physical or mental harm. Plaintiff and his family remain residents of the small community where the alleged events occurred, and Plaintiff remains a student within MCUSD. Plaintiff contends there is an obvious risk that Defendants and their allies in the

1  community will retaliate against Plaintiff and his family for attempting to assert his rights.  (*Id.* at
2  3.)  Plaintiff further contends that anonymity is necessary to preserve Plaintiff's privacy regarding
3  highly sensitive and personal matters.  Plaintiff will be required to disclose information relating to
4  the alleged sexual assaults he suffered, as well as the aftermath.  Plaintiff asserts that being
5  publicly identified would humiliate Plaintiff, subjecting him to further ridicule and potential
6  retaliation.  Plaintiff does not believe that proceeding by a pseudonym will be unfair or
7  prejudicial to defendants because, based on the facts alleged, and based on MCUSD's own
8  internal investigations, Defendants will be able to internally identify Plaintiff.  (Doc. 3 at 4.)
9  Plaintiff is only seeking to avoid having his personally identifying information in the public
10  record.

11        At this stage of the proceedings, the Court finds good cause to grant the *ex parte* motion
12  based on the allegations at issue and because of Plaintiff's representation that his identity can be
13  internally identified by defendants.  "Courts have generally permitted plaintiffs to proceed
14  anonymously when their claims involved allegations of sexual assault or rape."  *Doe v. Rose*, No.
15  CV-15-07503-MWF-JC, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2016) (collecting cases).
16  However, the Court will reconsider the issue should defendants object once they have appeared in
17  this action.  *See Doe #2 v. State of California, et al.*, No. 1:23-cv-00869-JLT-SAB, 2023 WL
18  3956475, at *2 (E.D. Cal. June 12, 2023).

19        **CONCLUSION AND ORDER**

20        Having considered the motion, the Court concludes that Plaintiff's need for anonymity
21  outweighs any countervailing interests at this time.  Accordingly, IT IS HEREBY ORDERED as
22  follows:

23        1.  Plaintiff's *ex parte* motion to proceed under pseudonyms for Plaintiff, a minor, and his
24           Guardian ad Litem (Doc. 3) is GRANTED, subject to reconsideration once defendants
25           have appeared in this action.
26        2.  Plaintiff and his Guardian ad Litem shall be permitted to proceed under the
27           pseudonyms "John Doe" and "Jane Doe," respectively, and are authorized when
28           making submissions to this Court to redact from the public record all personally

identifying information.

3. Defendants shall not publicly disclose Plaintiff's name or his Guardian ad Litem's name, or any information from which their names could be deduced.
4. Defendants shall redact from the public record all personally identifying information regarding Plaintiff and his Guardian ad Litem when making submissions to this Court.

IT IS SO ORDERED.

Dated:   **September 9, 2024**              /s/ Barbara A. McAuliffe             
                                                              UNITED STATES MAGISTRATE JUDGE