UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, a minor, by and through his Guardian Ad Litem, JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>MARIPOSA COUNTY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 1:24-cv-01033-BAM<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO APPOINT JANE DOE AS *GUARDIAN AD LITEM OF JOHN DOE*, A MINOR**<br><br>(Doc. 2) |

Plaintiff, proceeding with counsel, initiated this action on August 29, 2024, against Defendants Mariposa County Unified School District, Pierce Chaney, and Roes 1-30. (Doc. 1.) On the same date, Plaintiff filed the following: (1) an administrative motion to appoint Jane Doe, Plaintiff's mother, as the Guardian ad Litem of Plaintiff John Doe, a minor; and (2) an *ex parte* motion requesting permission to proceed under pseudonyms for Plaintiff and his Guardian ad Litem. (Docs. 2, 3.) By contemporaneous order, the Court has granted the *ex parte* motion requesting permission for both Plaintiff and his Guardian ad Litem to proceed under the pseudonyms "John Doe" and "Jane Doe," respectively. (Doc. 3.) The instant order addresses the administrative motion to appoint Jane Doe, Plaintiff's mother, as Guardian ad Litem. (Doc. 2.)

///

///

1

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  This requires a district court to take whatever measures it deems proper to protect the individual during litigation.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).  In pertinent part, Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a).  The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)).  "While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. *Id.*

The Court has considered the motion and finds no apparent conflict that would preclude Plaintiff's mother from serving as guardian ad litem.  The supporting declaration from Jane Doe indicates the following:  (1) she is the parent of Plaintiff, a minor, (2) Plaintiff currently lives with her, (3) she is fully competent to understand and protect the rights of Plaintiff, (4) she is willing to act as Plaintiff's guardian ad litem, and (5) she has no interest adverse to Plaintiff.  (*See* Doc. 2-1, Declaration of Jane Doe at 2.)

///

Accordingly, IT IS HEREBY ORDERED that Jane Doe, Plaintiff's mother, is appointed in this action as guardian ad litem for Plaintiff John Doe.

IT IS SO ORDERED.

Dated: __September 9, 2024__         /s/ *Barbara A. McAuliffe*  
                                     UNITED STATES MAGISTRATE JUDGE